Jarvis J. Stubblefield
127 Rolling Hills Drive
Hendersonville, TN 37075
(615) 974-6618
jarvis@vortexrevolutions.com
pro se

FILED

2025 JUL -7 PM 3:19

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

Jarvis J. Stubblefield

                    Plaintiffs,

V.

ACOPIA, LLC;
FIFTH THIRD BANK;
JPMORGAN CHASE BANK, N.A;
and FREDDIE MAC MULTICLASS
CERTIFICATES SERIES 5099 TRUST

                    Defendants

**CASE NO:** 3:23-cv-0755 (KC)

**ORIGINAL COMPLAINT**

**REQUEST IN EQUITY AND DEMAND FOR JURY TRIAL**

## ORIGINAL COMPLAINT

COMES NOW, Plaintiff Jarvis J. Stubblefield, by and through the undersigned, and for his Complaint against Defendants states as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under the laws of the United States, including the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605. This Court also has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is authorized under 28 U.S.C. § 2201.

1

2. Venue is proper in this district under 28 U.S.C. § 1391 because the subject property is located in Sumner County, Tennessee, and the events giving rise to the claims occurred in this judicial district.

## II. PARTIES

1. Plaintiff Jarvis J. Stubblefield is a resident of Sumner County, Tennessee, and the equitable owner of real property located at 127 Rolling Hills Drive, Hendersonville, Tennessee 37075.

2. Defendant Acopia, LLC is a mortgage lender incorporated in Georgia with its principal office located in Tennessee.

3. Defendant JPMorgan Chase Bank, N.A. is a national banking association with its principal place of business in Ohio and is identified as a party in the chain of title by endorsement on the Promissory Note.

4. Defendant Fifth Third Bank is a financial institution and loan servicer doing business in Tennessee.

5. Defendant Freddie Mac Multiclass Certificates Series 5099 Trust claims an interest in Plaintiff's mortgage through securitization.

## III. FACTUAL ALLEGATIONS

1. On or about February 8, 2021, Plaintiff allegedly executed a Promissory Note in the amount of $378,000 and a Deed of Trust securing the same. The Deed of Trust was recorded in Sumner County on February 22, 2021.

2

ORIGINAL COMPLAINT

2. The Promissory Note fails to identify the Borrower by name and contains no verifiable identification of Plaintiff as the maker.

3. The Note claims that the Borrower received a loan, but Plaintiff never received any loan proceeds directly and never authorized Acopia to transfer any funds to a third party on his behalf.

4. The Note includes endorsements from Acopia to JPMorgan Chase Bank, and from JPMorgan Chase by blank endorsement, but no endorsement to Freddie Mac or the Series 5099 Trust exists in the chain of title.

5. The Deed of Trust names MERS as nominee but contains no assignment to Freddie Mac, JPMorgan Chase, or Fifth Third Bank.

6. The alleged Trust (Freddie Mac Series 5099) had a REMIC closing date of March 31, 2021. No documentation proves that the loan was lawfully transferred into the Trust before this deadline.

7. Plaintiff was not provided any disclosure of the securitization, trust beneficiaries, or proper assignee at any time before or after the closing.

8. The Note and Deed of Trust were recorded fourteen (14) days apart, creating a period during which the security interest was unperfected.

9. Fifth Third Bank is currently acting as servicer but has provided no proof that it has authority to enforce the Note or act on behalf of a lawful holder.

10. Plaintiff now faces potential enforcement or foreclosure action from parties with no demonstrated standing or legal authority.

## IV. CAUSES OF ACTION

3

ORIGINAL COMPLAINT

**Count I: Declaratory Relief (28 U.S.C. § 2201)**

1. Plaintiff seeks a declaration that the Note and Deed of Trust are void and unenforceable due to fatal defects, including lack of identification, failure of consideration, and improper securitization.

**Count II: Quiet Title (T.C.A. § 29-29-101)**

1. Plaintiff seeks to quiet title against all named Defendants due to the absence of a valid and enforceable lien or recorded assignment.

**Count III: Fraud in the Execution**

1. Defendants misrepresented the nature and beneficiary of the mortgage contract and failed to obtain valid authorization for disbursement of funds.

**Count IV: Violation of Tennessee Consumer Protection Act (T.C.A. § 47-18-101)**

1. Defendants engaged in unfair and deceptive practices by misrepresenting the identity of the lender, nature of the transaction, and servicing rights.

**Count V: Failure of Consideration**

1. Plaintiff never received the promised loan funds nor consented to their redirection. Thus, the Note lacks consideration and is void.

**Count VI: Violation of RESPA/TILA**

1. Defendants failed to properly disclose the identity of the actual lender and violated servicing rules under 12 U.S.C. § 2605.

4

ORIGINAL COMPLAINT

**Count VII: Invalidity of Note for Lack of Borrower Identification**

1. The Note is void because it fails to identify the Borrower as required under UCC Articles 3 and 9.

**Count VIII: Unauthorized Disbursement of Funds**

1. Defendants released funds without Plaintiff's written authorization, constituting fraud and breach of fiduciary duty.

**V.  PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare the Note and Deed of Trust void and unenforceable;

B. Quiet title to the property in favor of Plaintiff;

C. Enter preliminary and permanent injunctive relief preventing any foreclosure or collection efforts;

D. Award actual, consequential, and statutory damages;

E. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: _____

Jarvis J. Stubblefield
127 Rolling Hills Drive
Hendersonville, TN 37075
(615) 974-6618
jarvis@vortexrevolutions.com
pro se

2025-07-07

ORIGINAL COMPLAINT