IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| **JARVIS J. STUBBLEFIELD** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:25-cv-00753** |
| | ) | **Crenshaw/Holmes** |
| **ACOPIA, LLC *et al.*** | ) | |

**O R D E R**

For the reasons set out below:

1. The separate motions for a more definite statement of Defendants Fifth Third Bank (Docket Entry No. 21) and JP Morgan Chase Bank, N.A. (Docket Entry No. 15) are **GRANTED**.

2. The motion to dismiss (Docket Entry No. 9) of Defendant ACOPIA, LLC, is **DENIED** without prejudice in light the Court's directive to Plaintiff to file an amended complaint.

3. The motion (Docket Entry No. 26) of Defendant Freddie Mac Multiclass Certificates Series 5099 Trust for leave to answer, move, or otherwise plead is **GRANTED**.

4. Plaintiff's motion (Docket Entry No. 25) for entry of default as to Defendant Freddie Mac Multiclass Certificates Series 5099 Trust is **DENIED**.

As set out below, Plaintiff must file a first amended complaint by **November 3, 2025**. Each Defendant named in the first amended complaint shall have **28 days** after the filing of the first amended complaint to answer or otherwise respond.

**Background**

Jarvis J. Stubblefield ("Plaintiff"), a resident of Hendersonville, Tennessee, filed this *pro se* lawsuit against Defendants ACOPIA, LLC ("ACOPIA"); Fifth Third Bank ("Fifth Third"); JP Morgan Chase Bank, N.A. ("JP Morgan"); and Freddie Mac Multiclass Certificates Series 5099 Trust ("Freddie Mac"). (Docket Entry No. 1.) Plaintiff challenges the validity of a February 8, 2021, promissory note executed by ACOPIA for the amount of $378,000 and a related deed of trust for what appears to be Plaintiff's residence located at 127 Rolling Hills Drive in Hendersonville ("the Property"). (*Id.* at 2.) Plaintiff asserts that he "allegedly executed" the promissory note, insists that he never received any loan disbursement directly and never authorized ACOPIA to transfer funds to a third party on his behalf, and that he was not provided any disclosure of the securitization, trust beneficiaries, or proper assignee at any time before or after the closing. (*Id.* at 3.) He further contends that promissory note was subsequently transferred to JP Morgan and to Freddie Mac in a flawed manner and that Fifth Third is currently acting as the servicer but has not provided poof that it has authority to enforce the note or act on behalf of the lawful holder. (*Id.*)

Alleging that Defendants acted fraudulently and engaged in unfair and deceptive practices, Plaintiff challenges the legality of the note and deed of trust and brings eight causes of action: 1) declaratory relief under 28 U.S.C. § 2201 that the note and deed of trust are void and unenforceable due to fatal defects; 2) a request to quiet title due to the absence of a valid and enforceable lien or recorded assignment; 3) fraud in execution because Defendants misrepresented the nature and beneficiary of the mortgage contract and failed to obtain valid authorization for disbursement of funds; 4) violation of the Tennessee Consumer Protection Act because Defendants engaged in unfair and deceptive practices by misrepresenting the identity of

the lender, nature of the transaction, and servicing rights; 5) failure of consideration because Plaintiff never received the promised loan funds nor consented to their redirection; 6) violation of RESPA/TILA because Defendants failed to properly disclose the identity of the actual lender and violated servicing rules under 12 U.S.C. § 2605; 7) invalidity of note because it fails to identify the borrower as required under UCC Articles 3 and 9; and, 8) unauthorized disbursement of funds because Defendants released funds without Plaintiff's written authorization, constituting fraud and breach of fiduciary duty. (*Id.* at 4-5.) As relief, Plaintiff seeks an order declaring the note and deed of trust void and unenforceable, an order to quiet title to the property in favor of Plaintiff, injunctive relief preventing any foreclosure or collection efforts, and unspecified actual, consequential, and statutory damages. (*Id.* at 5.)[1]

The four Defendants have been served with process. Defendant ACOPIA's pending motion seeks to dismiss the lawsuit as against it "for lack of standing and disclaimer of interest." Defendants JP Morgan and Fifth Third seek to have Plaintiff provide a more definite statement of his allegations against them through an amended pleading. Defendant Freddie Mac seeks leave to file an out of time response to the complaint. Plaintiff has responded in opposition to the motions of ACOPIA and Freddie Mac.

[1] The Court notes that Plaintiff does not allege whether or not he has made any payments on the promissory note or whether foreclosure or collection efforts have actually occurred. He is further vague about what "third party" received the funds from the promissory note, although the Court presumes that the funds were used for the purchase of the Property where he currently resides.

**Analysis and Conclusions**

The Court finds merit in the motions for a more definite statement filed by Defendants JP Morgan and Fifth Third Bank (Docket Entry Nos. 15, 21) and in their argument that more specificity is required for Defendants to prepare a response to Plaintiff's complaint.

Although the factual allegations section of the complaint is generally sufficient to provide the background facts for the lawsuit, Plaintiff's assertion of his claims lacks necessary specificity. Plaintiff sets out his causes of action in terms of plural "Defendants" even though it appears that Defendants had different roles with respect to the promissory note and deed of trust and had different interactions with Plaintiff.

For example, it appears that some Defendants may be loan servicers or assignees who had no role in the original loan transaction and in any wrongdoing associated with that event. Plaintiff is likewise vague and unspecific about how any specific Defendant violated "servicing rules under 12 U.S.C. § 2605" and how and when any specific Defendant "misrepresent[ed] the identity of the lender, nature of the transaction, and servicing rights." (Docket Entry No. 1at 4.)

Finally, Plaintiff alleges fraud in this lawsuit but pleads fraud generally as to "Defendants."However, Rule 9(b) of the Federal Rules of Civil Procedure requires that allegations of fraud must pled with particularity. *See Hermosa Holdings*, 2009 WL 711125, at *10 ("A claim of fraud is deficient if the complaint fails to state with particularity an intentional misrepresentation of a material fact. To pass the particularity test, the actors should be identified and the substance of each allegation should be pled."). Given that each Defendant is an individual actor, allegation of general fraud against all defendants is not sufficient. *See Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992) ("general averments of fraud attributed to 'the defendants'" does not satisfy Rule 9(b)).

If Plaintiff intends to sue these four Defendants, he must set out with more specificity which causes of action apply to which Defendant and what each Defendant specifically did that supports a particular cause of action. Neither Defendants nor the Court should have to attempt to surmise exactly what wrongdoing is attributable to a specific Defendant.[2]

To this end, Plaintiff must file a first amended complaint by **November 3, 2025**, that revises his factual allegations and his causes of action to provide more specificity about the wrongdoings of each individual Defendant. While more specificity is required, Plaintiff is nonetheless reminded that his first amended complaint should not be overly long or excessive.

Because the first amended complaint that Plaintiff has been directed to file will become the operative complaint in this case and supplant the original complaint, *see Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000), Defendant ACOPIA's motion to dismiss the original complaint (Docket Entry No. 9) is denied without prejudice to refiling as to Plaintiff's first amended complaint.

Finally, the Court finds that Defendant Freddie Mac has shown good cause for permitting it to file an otherwise untimely response. By its motion, it shows its intent to defend against the lawsuit, and given the directive to Plaintiff to file an amended complaint and the new response deadline set for Defendants in this lawsuit, no prejudice to Plaintiff arises from granting Defendant Freddie Mac the leave it requests. Freddie Mac's motion (Docket Entry No. 26) is thus granted and Plaintiff's request for default (Docket Entry No. 25) is accordingly denied.

[2] In the order of referral entered on August 1, 2025 (Docket Entry No. 10), the Court previously noted the complaint's lack of specificity, stating, "Stubblefield is cautioned that, as the case progresses, he will be required to provide clarity as to the alleged actions of each specific Defendant and the unique role each Defendant played as it pertains to the events at issue in the Complaint." (*Id*. at 1, n.1.)

**Any party objecting to this Order** must do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the objection. *See* Rule 72.01(a) of the Local Rules of Court. Responses to the motion for review must be filed within fourteen (14) days of service of the motion for review. *See* Rule 72.01(b) of the Local Rules of Court.

It is **SO ORDERED**.

BARBARA D. HOLMES
United States Magistrate Judge