JARVIS J STUBBLEFIELD
127 Rolling Hills Drive,
Hendersonville, Tennessee [37075]
Phone Number (615) 974-6618
Email: jarvis@vortexrevolutions.com

**UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| JARVIS J. STUBBLEFIELD<br>c/o Jarvis J. Stubblefield<br><br>Plaintiff(s),<br><br>v.<br><br>*ACOPIA, LLC;*<br><br>*FIFTH THIRD BANK, N.A.;*<br><br>*JPMORGAN CHASE BANK, N.A.;*<br><br>*And FREDDIE MAC MULTICLASS*<br><br>*CERTIFICATES SERIES 5099 TRUST*<br><br>Defendant(s). | Case No.: 3:25-cv-00753<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**Jury Trial Demanded**<br>**Reserve the Right to Amend**<br>**Requesting Hearing In Equity**<br><br>**District Judge:** Waverly D. Crenshaw, Jr.<br>**Magistrate Judge:** Barbara D. Holmes<br>**Dept:**<br>**Action Filed:**<br>**Trial Date:** |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW, Plaintiff Jarvis J. Stubblefield, pro se, and pursuant to the Court's Order entered June 5, 2026 (Doc. 34), files this First Amended Complaint. This First Amended Complaint supersedes and replaces the Original Complaint (Doc. 1) in its entirety and is complete in itself. Plaintiff alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under the laws of the United States, including the Real Estate Settlement

Procedures Act (RESPA), 12 U.S.C. § 2605. This Court also has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is authorized under 28 U.S.C. §§ 2201 and 2202.

2. Venue is proper in this district under 28 U.S.C. § 1391 because the real property at issue is located in Sumner County, Tennessee, and the events giving rise to the claims occurred in this judicial district.

## II. PARTIES

3. Plaintiff Jarvis J. Stubblefield is a resident of Sumner County, Tennessee, and the owner of real property located at 127 Rolling Hills Drive, Hendersonville, Tennessee 37075 (the "Property").

4. Defendant Acopia, LLC ("Acopia") is a limited liability company organized in Georgia, with its principal office in Tennessee, and was the originating lender on the loan at issue. In this action, Acopia filed a copy of the Promissory Note certified as a "true and exact copy of the original."

5. Defendant Fifth Third Bank, N.A. ("Fifth Third") is a national banking association doing business in Tennessee. Fifth Third is the current servicer of the loan at issue and is the entity that, through retained foreclosure counsel, initiated foreclosure of the Property.

6. Defendant JPMorgan Chase Bank, N.A. ("JPMorgan") is a national banking association with its principal place of business in Ohio. JPMorgan is identified in the chain of title by endorsement on the Promissory Note (an endorsement from Acopia to JPMorgan, followed by an endorsement by JPMorgan in blank).

7. Defendant Freddie Mac Multiclass Certificates, Series 5099 Trust (the "Series 5099 Trust") is a securitization trust that is associated with the loan at issue through loan-level data and is alleged by certain records to hold an interest in the loan.

## III. FACTUAL ALLEGATIONS

8. On or about February 8, 2021, the existing mortgage on the Property was refinanced, with Acopia as the originating lender. A Deed of Trust securing the refinance loan (the "Deed of Trust") was recorded in the Sumner County Register of Deeds on February 22, 2021. The refinance transaction also involved a Promissory Note in the principal amount of $378,000 (the "Note").
9. Plaintiff executed loan documents at the February 8, 2021 closing. However, the body of the Note copies produced in this matter does not identify any borrower or maker by name; the obligor is described only as "I," and a name appears solely in typeface beneath a signature line at the end of the instrument. The signature and initials appearing on those copies, while bearing some resemblance to Plaintiff's, are not consistent with the manner in which Plaintiff customarily signs and initials important legal documents, and Plaintiff cannot verify that the produced copies are true and accurate copies of any document he executed at closing. The copies are of unknown provenance and are materially inconsistent with one another as set forth below, and no Defendant has produced the original Note for inspection or authentication. Because the body of the produced copies names no maker, because the copies cannot be verified against any original, and because no copy has been authenticated, no Defendant has established that the produced copies accurately reflect any obligation of Plaintiff. Plaintiff does not admit the authenticity or accuracy of any copy of the Note and reserves all rights with respect thereto, including the right to require production and authentication of the original.
10. The Deed of Trust names Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee and beneficiary of record. No assignment of the Deed of Trust to JPMorgan, to Fifth Third, or to the Series 5099 Trust appears of record in the Sumner County Register of Deeds.



Case 3:25-cv-00753 Document 41-1 Filed 07/31/26 Page 3 of 16 PageID #: 214

11. No Defendant has produced documentation establishing the actual source and disbursement of the loan funds at closing.

12. Acopia did not identify to Plaintiff, at or before the February 8, 2021 closing, the securitization trust or assignee into which the loan was intended to be sold. Fifth Third, as current servicer, has likewise not identified to Plaintiff the entity that owns the Note, the entity entitled to enforce the Note, or any recorded assignee of the Deed of Trust.

13. The endorsed copies of the Note reflect an endorsement from Acopia to JPMorgan and an endorsement from JPMorgan in blank. No endorsement to Fifth Third, to Freddie Mac, or to the Series 5099 Trust appears on any copy of the Note. Because the final endorsement is in blank, any entitlement of Fifth Third or any other party to enforce the Note as holder would depend entirely upon possession of the original instrument, which no Defendant has produced or demonstrated.

14. Acopia has represented in this action that it sold the loan to JPMorgan on or about February 26, 2021; that JPMorgan thereafter transferred the loan to Fifth Third; and that "the party at interest appears to be Fifth Third Bank." Acopia's account of the chain of title does not include the Series 5099 Trust, whereas loan-level data associates the loan with the Series 5099 Trust. The record therefore reflects conflicting accounts of which entity owns the loan and which entity, if any, is entitled to enforce it.

15. The copies of the Note that exist are materially inconsistent. The copy Acopia filed in this action, certified as a "true and exact copy of the original," bears no endorsements. The copy Fifth Third produced to Plaintiff on or about April 28, 2025 bears two endorsements: an endorsement from Acopia to JPMorgan, and an endorsement by JPMorgan in blank. The copy Plaintiff received from the foreclosure law firm retained by Fifth Third likewise bears endorsements. No Defendant has produced the original Note for inspection.



Case 3:25-cv-00753 Document 41-1 Filed 07/31/26 Page 4 of 16 PageID #: 215

16. The endorsement by JPMorgan in blank made the Note payable to bearer. Under Tenn. Code Ann. § 47-3-205(b), an instrument indorsed in blank "becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed," and under Tenn. Code Ann. § 47-3-301 the instrument is enforceable by the holder, i.e., the party in possession of the original. No Defendant has demonstrated possession of the original Note, and no assignment of the Deed of Trust to the party now seeking to foreclose appears of record.

17. No Defendant has produced the original Note or pled its loss or destruction. Acopia has instead filed a copy certified as a "true and exact copy of the original," and Fifth Third has asserted enforcement rights that, for a holder, require possession of the original under Tenn. Code Ann. §§ 47-3-301 and 47-3-205(b). On information and belief, no Defendant possesses the original Note, which was lost or destroyed, including on information and belief, in the course of imaging or converting it to an electronic file shortly after origination. If the original exists, no Defendant has demonstrated possession of it; if it does not, no Defendant may enforce it as a holder, and enforcement would be available, if at all, only upon satisfying Tenn. Code Ann. § 47-3-309, which requires proof that the party was entitled to enforce the instrument *when loss of possession occurred*, proof of the instrument's terms and the circumstances of its loss or destruction, and adequate protection of Plaintiff against the risk of a second claim on the same instrument. No Defendant has made, or attempted to make, any such showing, and any belated claim of loss or destruction would contradict the positions Defendants have taken in this action and before it. The materially inconsistent copies, together with the blank endorsement rendering the Note bearer paper, make the risk of duplicate or competing enforcement claims concrete rather than hypothetical.

18. The alleged Series 5099 Trust had a REMIC closing date of March 31, 2021. No Defendant has produced any recorded assignment of the Deed of Trust to the Series

5099 Trust, or any documentation establishing that the loan was lawfully transferred into the Series 5099 Trust before this deadline.

19. Other than generic pre-printed provisions stating that the loan might be sold, Plaintiff was not provided any disclosure of the securitization, the trust, its beneficiaries, or the intended assignee at any time before or after the closing.

20. The Note and Deed of Trust were recorded fourteen (14) days apart, creating a period during which the security interest was unperfected.

21. Fifth Third is the current servicer of the loan. Fifth Third has asserted authority to enforce the loan and, through retained foreclosure counsel, initiated foreclosure of the Property, without any recorded assignment of the Deed of Trust to Fifth Third or to the Series 5099 Trust, and without demonstrating possession of the original Note.

22. By letter dated December 1, 2025, sent by U.S. Certified Mail, Return Receipt Requested (Article No. 9414 7118 9956 1970 0840 16), Plaintiff served a written Notice of Error and Request for Information under 12 U.S.C. § 2605(e). The letter concerned the Fifth Third mortgage loan and requested, among other things, a certified copy of the original Note and Deed of Trust with all indorsements, allonges, and assignments; a sworn affidavit establishing the current creditor or owner of the debt and the complete chain of title and servicing history; and documentation of the authority to enforce the loan. Fifth Third, the servicer, received the letter, acknowledged its receipt in writing, and responded to it directly. Under 12 U.S.C. § 2605(k)(1)(D) and 12 C.F.R. § 1024.36(d)(2)(i)(A), a request for the identity of the owner or assignee of a mortgage loan must be answered within ten business days, and that deadline is not subject to extension. Fifth Third instead sent letters dated December 18, 2025 (postmarked December 22, 2025) and December 30, 2025 (postmarked January 2, 2026, and received by Plaintiff on January 5, 2026) stating that it required additional time. Fifth Third also sent Plaintiff several "Mortgage Loan History" statements, and subsequently provided copies of the Mortgage, the Note, a

"Mortgage Servicing File," a Payment History, and a "History Key," stating that they were enclosed "as requested." None of the materials Fifth Third provided identified the owner or assignee of the loan or established any party's right to enforce the Note or to foreclose. Possession of copies of loan documents does not establish ownership of the loan or the right to enforce it; Plaintiff himself possesses copies of like documents. Fifth Third did not identify the owner or assignee of the loan within the time required, and to date has not done so.

23. The law firm Brock & Scott, PLLC ("Brock & Scott"), retained by Fifth Third to conduct the foreclosure, sent Plaintiff an initial debt-collection communication dated October 31, 2025 that identified the alleged debt and advised Plaintiff he had until December 8, 2025 to dispute it.

24. The December 1, 2025 letter described in paragraph 22 was mailed to Brock & Scott on December 2, 2025, within the dispute window Brock & Scott had set, and also constituted Plaintiff's written dispute of the alleged debt. The certified mailing was signed for on December 9, 2025 by A. Malloy, as reflected on the return receipt Plaintiff received on December 13, 2025.

25. Notwithstanding the dispute window it had granted, and before providing any verification of the debt, Brock & Scott issued a notice of foreclosure dated December 3, 2025, which Plaintiff received on December 6, 2025, before the December 8, 2025 deadline had passed. Brock & Scott did not provide any response to Plaintiff's dispute until January 5, 2026, when it sent Plaintiff a packet consisting of a copy of the Note, a copy of the security instrument, a payment history, a reinstatement quote, and a payoff statement, none of which identified the owner of the loan or established any Defendant's right to enforce the Note or to foreclose.

26. On or about December 9, 2025, Plaintiff recorded a Notice of Lis Pendens in this action (Doc. 33) and, the same day, recorded the Notice of Lis Pendens in the Sumner County Register of Deeds (Instrument No. 1535399), which has stayed the foreclosure

proceedings. Brock & Scott did not cease collection activity until after Plaintiff recorded the Lis Pendens.

27. As a result of the foregoing, more than one entity has asserted or may assert competing interests in the Note and the Property; no recorded chain of title establishes which Defendant, if any, holds the original Note or is entitled to enforce the Deed of Trust; and Plaintiff faces foreclosure by a party that has not established its authority to enforce. An actual and present controversy exists regarding the parties' respective rights in the Note, the Deed of Trust, and the Property.

## IV. CAUSES OF ACTION

### Count I: Declaratory Relief (28 U.S.C. § 2201) (Against All Defendants)

28. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

29. An actual, justiciable controversy exists between Plaintiff and Defendants regarding the parties' respective rights in the Note, the Deed of Trust, and the Property. Plaintiff seeks a declaration of those rights as follows:

    a. That Fifth Third has not established that it holds the original Note or is entitled to enforce the Note or the Deed of Trust against Plaintiff or the Property, where no assignment to Fifth Third is recorded in Sumner County, Fifth Third has not demonstrated possession of the original Note, and the Note copies of record are materially inconsistent;

    b. That the Series 5099 Trust has not established that it holds the original Note or is entitled to enforce the Note or the Deed of Trust against Plaintiff or the Property, where no assignment to the Series 5099 Trust is recorded in Sumner County and no documentation establishes that the loan was transferred into the Series 5099 Trust;


Case 3:25-cv-00753 Document 41-1 Filed 07/31/26 Page 8 of 16 PageID #: 219

c. That Acopia, having represented that it sold and transferred the loan, retains no present interest in the Note, the Deed of Trust, or the Property; and

d. That JPMorgan, having endorsed the Note in blank and transferred it, retains no present interest in the Note, the Deed of Trust, or the Property.

30. A declaration is necessary and appropriate to resolve the competing claims and to remove the uncertainty as to which Defendant, if any, is entitled to enforce the Note and Deed of Trust.

31. Plaintiff seeks a declaration that the Note and Deed of Trust are unenforceable against Plaintiff and the Property by any Defendant that has not established that it holds the original Note and a recorded assignment of the Deed of Trust, and that no such Defendant is entitled to enforce or foreclose.

**Count II: Quiet Title (Tenn. Code Ann. § 29-29-101 et seq.) (Against All Defendants)**

32. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

33. Plaintiff holds title to the Property. Each Defendant asserts, or may assert, an interest in the Property adverse to Plaintiff's title: Fifth Third by asserting authority to service and enforce the loan and by initiating foreclosure; the Series 5099 Trust by virtue of loan-level data associating it with the loan; and Acopia and JPMorgan by virtue of their prior interests in the Note and Deed of Trust, notwithstanding that each has represented or indicated that it transferred its interest.

34. No assignment of the Deed of Trust to Fifth Third, to JPMorgan, or to the Series 5099 Trust is recorded in the Sumner County Register of Deeds; no Defendant has demonstrated possession of the original Note; and the Note copies of record are materially inconsistent. Defendants' adverse claims, individually and collectively, constitute a cloud on Plaintiff's title to the Property. On information and belief, no

Defendant holds a valid, perfected, and enforceable lien or security interest in the Property, and no Defendant may enforce an unsecured claim against the Property.

35. Plaintiff seeks a decree quieting title to the Property in Plaintiff against all named Defendants; declaring that no Defendant holds a valid or enforceable lien, assignment, or interest in the Property; permanently enjoining Defendants, and each of them, and all persons claiming under them, from asserting any claim adverse to Plaintiff's title; and awarding Plaintiff his costs of this action.

**Count III: Fraudulent Concealment (Against Acopia)**

36. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

37. At and before the February 8, 2021 closing, Acopia represented itself to Plaintiff as the "Lender" extending its own credit in an ordinary refinance transaction. The only disclosures concerning disposition of the loan were generic, pre-printed provisions of the uniform instruments, including Section 1 of the Note ("Lender may transfer this Note") and Section 20 of the Deed of Trust (the Note "can be sold one or more times without prior notice to Borrower"), which identified no purchaser, no securitization, and no existing arrangement for the loan's disposition. Having spoken to the subject of the loan's disposition, Acopia was obligated to disclose the material facts fully and not by half.

38. Acopia concealed and suppressed the following material facts, each known to Acopia and unknown to Plaintiff at closing: (a) that, on information and belief, Acopia had already arranged, before or at closing, the immediate sale and disposition of the loan, as evidenced by its sale of the loan to JPMorgan on or about February 26, 2021, eighteen days after closing, and by the loan's association with the Series 5099 Trust, whose REMIC closing date of March 31, 2021 required that delivery into the securitization be arranged in advance; (b) that the loan was originated for delivery

into a securitization rather than to be held by the disclosed "Lender"; and (c) on information and belief, the compensation, premiums, or other consideration Acopia was to receive for the immediate transfer of the loan.

39. These facts were material: they bore directly on who would own and control the loan, to whom Plaintiff's obligations would run, whether a clear and recordable chain of title to the Deed of Trust would be maintained, and the true economics of the transaction. They were exclusively within Acopia's knowledge and were not discoverable by Plaintiff through reasonable diligence at closing, as no closing document disclosed them.

40. Acopia concealed these facts with the intent that Plaintiff be misled as to the true character of the transaction and proceed to closing.

41. Plaintiff reasonably relied on Acopia's representations and its silence as to the concealed facts, and executed the loan documents at the February 8, 2021 closing in that reliance. Had the concealed facts been disclosed, Plaintiff would not have proceeded on the terms presented.

42. Plaintiff did not discover, and in the exercise of reasonable diligence could not have discovered, the concealed facts until 2025, when foreclosure was threatened and Plaintiff obtained materially inconsistent copies of the Note, Acopia's account of an immediate post-closing sale, and loan-level data associating the loan with the Series 5099 Trust. Any applicable limitations period was tolled until that discovery.

43. As a direct and proximate result of Acopia's concealment, Plaintiff has been damaged in an amount to be proven at trial, including the clouding of title to the Property, the costs of investigating the chain of title, and exposure to enforcement claims by parties whose authority cannot be verified.

44. Acopia's conduct was intentional and undertaken in conscious disregard of Plaintiff's rights, entitling Plaintiff to punitive damages in addition to actual damages.



Case 3:25-cv-00753 Document 41-1 Filed 07/31/26 Page 11 of 16 PageID #: 222

**Count IV: Violation of Tennessee Consumer Protection Act (Tenn. Code Ann. § 47-18-101 et seq.) (Against Fifth Third)**

45. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

46. Fifth Third engaged in unfair or deceptive acts or practices affecting the conduct of trade or commerce, in violation of Tenn. Code Ann. § 47-18-104, by asserting authority to service and enforce the loan, and by initiating foreclosure of the Property, without any recorded assignment of the Deed of Trust to it and without demonstrating possession of the original Note, and by failing to identify to Plaintiff the party entitled to enforce the loan.

47. As a direct and proximate result of Fifth Third's conduct, Plaintiff has suffered an ascertainable loss of money or property, including without limitation costs incurred to investigate the chain of title, costs incurred to record the Notice of Lis Pendens, time and expenses incurred in responding to and defending against the threatened foreclosure, and impairment of his property interest, in amounts to be established at trial.

48. Plaintiff is entitled to recover his actual damages and, if the violation is found to have been willful or knowing, treble damages, together with costs, under Tenn. Code Ann. § 47-18-109.

**Count V: Violation of RESPA, 12 U.S.C. § 2605 (Against Fifth Third)**

49. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

50. As set forth in paragraph 22 above, Plaintiff served a written Notice of Error and Request for Information that sought, among other things, the identity of the current creditor or owner of the loan, the complete chain of title and servicing history, and documentation of the authority to enforce the loan. Fifth Third received and

acknowledged the request. The request was a request for information under Regulation X, 12 C.F.R. § 1024.36, and specifically sought the identity of the owner or assignee of the loan; a request governed by 12 U.S.C. § 2605(k)(1)(D) and 12 C.F.R. § 1024.36(d)(2)(i)(A), which must be answered within ten business days and is not subject to extension.

51. Fifth Third did not respond within ten business days by identifying the owner or assignee of the loan, and to date has not identified the owner or assignee, in violation of 12 U.S.C. § 2605(k)(1)(D) and 12 C.F.R. § 1024.36(d)(2)(i)(A).

52. As a direct and proximate result of Fifth Third's failure to respond as required, Plaintiff has suffered actual damages, including without limitation the costs of preparing and sending his request and subsequent correspondence, time and expenses incurred in attempting to obtain the identity of the owner of the loan and the other information requested, and related out-of-pocket costs, in amounts to be established at trial. Plaintiff is further entitled to any applicable statutory damages for a pattern or practice of noncompliance, together with costs, under 12 U.S.C. § 2605(f).

**Count VI: Lack of Standing/Wrongful Foreclosure (Against All Defendants)**

53. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

54. An actual controversy has arisen and now exists between Plaintiff and Defendants specified hereinabove, regarding their respective rights and duties, in that Plaintiff contends that Defendants, and each of them, do not have an equitable right to foreclose on the Property because Defendants, and each of them, have failed to perfect any security interest in the Property collateral, or cannot prove to the court they have a valid interest as a real party in interest to the underlying Deed of Trust. Thus, the purported power of sale, or power to foreclose non-judicially, by the above specified Defendants, and each of them, no longer applies.


Case 3:25-cv-00753 Document 41-1 Filed 07/31/25 Page 13 of 16 PageID #: 224

55. Plaintiff requests this Court find that the purported power of sale contained in the Deed of Trust is a nullity by operation of law, because Defendants' actions in the processing, handling, and attempted foreclosure of this loan transaction involved numerous fraudulent, false, deceptive, and misleading practices, including, but not limited to, violations of State laws designed to protect borrowers, which has directly caused Plaintiff to be at an equitable disadvantage to Defendants, and each of them. Plaintiff further requests that title to the Property remain in Plaintiff's name during the pendency of this litigation and deem that any attempted sale of the Property is "unlawful and void".

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that no Defendant is entitled to enforce the Note or the Deed of Trust against Plaintiff or the Property;

B. Quiet title to the Property in favor of Plaintiff;

C. Enter preliminary and permanent injunctive relief preventing any foreclosure or collection efforts;

D. Award actual, consequential, statutory, and punitive damages;

E. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 31st day of July, 2026.

By: ______________________

2026-07-31

Jarvis J. Stubblefield
127 Rolling Hills Drive
Hendersonville, Tennessee 37075
(615) 974-6618
jarvis@vortexrevolutions.com
pro se

# Certificate of Service

I hereby certify that a true and correct copy of the foregoing has been served upon all Defendants by electronic filing, in accordance with the Federal Rules of Civil Procedure including:

On this the 31st of July, 2026.

Katherine R. Rogers (BPR #039382)
BURR & FOREMAN LLP
222 Second Ave. South, Suite 2000
Nashville, TN 37201
Phone: (615) 724-3246
Fax: (615) 724-3346
Attorney for Fifth Third Bank, N.A. and
FREDDIE MAC MULTICLASS CERTIFICATES SERIES 5099 TRUST

George J. Phillips
Phillips Ralston
1000 Kennesaw Blvd.
Gallatin, TN 37066
georgephillips@phillipsralston.com
Attorney for Acopia, LLC

Joshua J. Phillips
Phillips Ralston
1000 Kennesaw Blvd.
Gallatin, TN 37066
joshphillips@phillipsralston.com
Attorney for Acopia, LLC

Carson W. King
Nelson Mullins Riley & Scarborough LLP
1700 Demonbruen Street, Suite 1700
Nashville, TN 37203
carson.king@nelsonmullins.com
Attorney for JP Morgan Chase Bank, N.A.

Respectfully submitted,

By: ____________________
2026-07-31

Jarvis J. Stubblefield
127 Rolling Hills Drive
Hendersonville, Tennessee 37075
(615) 974-6618
jarvis@vortexrevolutions.com
pro se