Jarvis J. Stubblefield
127 Rolling Hills Drive
Hendersonville, Tennessee 37075
(615) 974-6618
jarvis@vortexrevolutions.com
pro se

FILED
2025 JUL 31 PM 12:48
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| JARVIS J. STUBBLEFIELD<br>c/o Jarvis J. Stubblefield<br><br>Plaintiff(s),<br><br>vs.<br><br>ACOPIA, LLC;<br>FIFTH THIRD BANK;<br>JPMORGAN CHASE BANK, N.A.;<br>and FREDDIE MAC MULTICLASS<br>CERTIFICATES SERIES 5099 TRUST,<br><br>Defendant(s). | **CASE NO: 3:25-cv-00753**<br><br>**Judge**<br>**WAVERLY CRENSHAW, JR.**<br><br>**Magistrate Judge**<br>**BARBARA D. HOLMES**<br><br>**Jury Trial Demanded**<br>**Reserve the Right to Amend**<br>**Requesting Hearing in Equity** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT OUT OF TIME**

Plaintiff does not ask the Court to overlook the delay. He acknowledges it, explains it, and asks the Court to weigh it under the standard that governs.

## I. BACKGROUND

1. By Order entered June 5, 2026 (Doc. 34), the Court affirmed the Magistrate Judge's Order of October 1, 2025 and directed Plaintiff to file an amended complaint within fifteen days.

2. Plaintiff is proceeding pro se and is not a registered electronic filer. He receives all filings and orders in this case by U.S. Mail. The Order was not mailed until June 8, 2026, three days after entry, and Plaintiff did not receive it until the evening of June 11, 2026. Plaintiff has retained the postmarked envelope. Nearly half of the fifteen-day period had elapsed before Plaintiff had notice that the period had begun.

3. The Order did not require Plaintiff to correct a discrete defect. It required a restatement of the pleading with defendant-specific factual attribution as to four Defendants occupying four distinct roles in the transaction at issue, an originating lender, an intermediate note holder, a servicer, and a securitization trust. Local Rule 15.01 further requires that an amended pleading be complete in itself and not incorporate the prior complaint by reference. Compliance therefore required a wholly new, self-contained pleading, reconciled against the documents produced by Defendants and the documents of record, with the claims that could not be pleaded to the required standard removed. The original complaint had taken Plaintiff months to prepare.

4. Throughout the compliance period Plaintiff was under a continuing physical and logistical burden arising from a motor vehicle accident on April 14, 2026, all as set out under oath in the accompanying Declaration: a. Plaintiff was treated in the emergency department on April 15, 2026, the day after the collision, was evaluated at Sport Ortho Urgent Care on May 4, 2026, and began physical therapy on May 12, 2026, three weeks before the Order issued. That treatment remains ongoing. It is not confined to clinic

visits: Plaintiff has been prescribed a home exercise program he must perform daily, and more than once on some days, and has been instructed to stop whatever he is doing and perform additional exercises whenever pain requires it. b. The collision destroyed the only vehicle in Plaintiff's household, which he has not been able to replace. Since April 14, 2026 he has relied on a neighbor's spare vehicle, available only when that neighbor does not need it. This bears on the specific act Plaintiff was ordered to perform: as a non-electronic filer, Plaintiff must carry every document he submits from Hendersonville to the Clerk's Office in Nashville or place it in the mail, and he must reach his medical appointments and his work besides.

5. Plaintiff is self-employed and is the sole source of income for a household of seven, including four minor children. He has no employer, no paid leave, and no colleague to whom work can be shifted. He also has no attorney, no co-plaintiff, and no other person who prepares filings on his behalf.

6. Plaintiff has now completed the First Amended Complaint and tenders it with the Motion. It abandons the counts that could not be pleaded with the required specificity, states each remaining count against identified Defendants with defendant-specific allegations, and is complete in itself in compliance with Local Rule 15.01.

7. Plaintiff has not sought any prior extension of the deadline set in Doc. 34.

8. On July 20, 2026, Defendant Fifth Third Bank, N.A. moved to dismiss this action for failure to prosecute (Docs. 35, 36). Plaintiff opposes that motion in a separate response filed contemporaneously herewith and does not restate that opposition here.

**II. LEGAL STANDARD**

Rule 6(b)(1)(B) provides that when an act must be done within a specified time, the court may, on motion made after the time has expired, extend the time "if the party failed to act because of excusable neglect."

Excusable neglect is an equitable determination "taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Supreme Court rejected any rule confining excusable neglect to circumstances beyond the movant's control, describing it instead as a somewhat elastic concept capable of encompassing inadvertence, mistake, and carelessness. *Id.* at 388, 392.

The Sixth Circuit weighs five factors: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the moving party; and (5) whether the late-filing party acted in good faith. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

Rule 15(a)(2) independently directs that leave to amend be freely given "when justice so requires," a mandate to be heeded absent a substantial reason such as undue delay causing prejudice, bad faith, repeated failure to cure, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1963).

Pleadings prepared without counsel are held to less stringent standards than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**III. ARGUMENT**

**A. No Defendant is prejudiced.**

Prejudice means concrete harm to the opposing party's ability to litigate, not the ordinary burden of responding to a pleading the Court has already ordered be filed.

This case remains at the pleading stage. By Order entered September 30, 2025 (Doc. 27), the case was exempted from initial disclosures under Rule 26(a)(1)(A), from the requirements of Rule 26(f), and from customized case management under Local Rule 16.01(c)(1), and the Court advised that it would enter a scheduling order at the appropriate time. No scheduling order has issued. No answer has been filed. No discovery has been served or taken. No trial date exists. No Defendant has lost evidence, lost a witness, or altered its position in reliance on the passage of the deadline.

Nor is the property at issue in any different posture than on June 5, 2026. Foreclosure has been stayed by the Notice of Lis Pendens recorded in the Register's Office of Sumner County, Tennessee (Instrument No. 1535399) and noticed in this Court (Doc. 33). Defendants' interests, whatever they prove to be, are preserved exactly as they were.

Every Defendant will receive the pleading the Court ordered, with the specificity the Court ordered, and will have its full response time. That is the entirety of what the Rule 12(e) motions sought.

**B. The delay has had no impact on the judicial proceedings.**

Plaintiff does not minimize the length of the delay. The amended pleading is filed thirty-nine days after the June 22, 2026 deadline. Plaintiff states that plainly rather than characterizing it as trivial.

The second factor, however, asks about the delay's potential impact on judicial proceedings, and that impact is measurable and small. Because no scheduling order has issued, nothing has been pushed. Because no discovery is open, nothing has been disrupted. The docket has been awaiting exactly the document Plaintiff now tenders, and filing it advances the case rather than stalling it. Granting leave returns the case to the track the Court set in Doc. 34.

**C. The reasons for the delay are substantial and documented under oath.**

*Late service of the Order.* Plaintiff learned of the fifteen-day requirement with fewer than nine days remaining in it. As a non-electronic filer he absorbs the delay inherent in mail service in both directions, days lost at the front end awaiting the Court's paper, and days lost at the back end delivering his own. That structural disadvantage is not neglect; it is a feature of paper filing.

*Ongoing injury and a continuing course of treatment.* Plaintiff was injured on April 14, 2026, treated in the emergency department the following day, and has been in physical therapy since May 12, 2026, with a prescribed daily home program that has interrupted his days throughout the compliance period. Courts applying *Pioneer* have long treated medical circumstances and the incapacity attending them as paradigm examples of excusable neglect, precisely because they are the kind of circumstance neither diligence nor planning can avert.

*Loss of the only vehicle in the household.* This is not offered as general hardship; it bears on the specific act Plaintiff was ordered to perform. Since April 14, 2026, the trip to the Clerk's Office in Nashville has depended on the availability of a vehicle Plaintiff does not own, as have his weekly medical appointments and his work.

*Sole-provider obligations*. Plaintiff had no one to absorb any of this. He is self-employed, with no employer, no paid leave, and no colleague to whom work can be shifted; income not earned is income his household does not receive. He supports seven people, four of them minor children. He is also this case's only draftsman.

*The scope of the task*. The Order required a complete, self-contained pleading with defendant-specific allegations as to four Defendants, a rebuild, in fifteen days, of a pleading that had taken months to prepare. Plaintiff does not question the Court's deadline. He states only that he took the instruction seriously: rather than re-filing the same allegations rearranged, he abandoned counts he could not plead with particularity and rebuilt the remainder against the documentary record. That work took longer than it would have taken a lawyer. It also produced a pleading materially responsive to the Court's Order, which is the outcome Rule 12(e) exists to obtain.

Plaintiff does not contend that every day of the delay is attributable to circumstances beyond his control. Some of it reflects his inexperience with how strictly filing periods run and with the requirement to seek an extension in advance rather than to file as soon as he was able. He does not offer that as an excuse. *Pioneer* holds that a movant's own carelessness does not automatically defeat a finding of excusable neglect, 507 U.S. at 388, 392, and Plaintiff asks only that his inexperience be weighed alongside the circumstances that were genuinely outside his control.

**D. The delay was not within Plaintiff's reasonable control, and Plaintiff acted in good faith.**

The date the Order was mailed was not within Plaintiff's control. The collision was not. His obligation to earn his household's only income was not.

As to good faith, the record answers the question. Plaintiff has participated in this case continuously since filing: he opposed the Rule 12(e) motions, filed objections (Doc. 29), filed a reply in support of those objections (Doc. 32), and recorded and noticed a Lis Pendens (Doc. 33) rather than allowing the property's status to become disputed. He did not abandon the case, ignore the Order, or file nothing. He filed the ordered pleading as soon as it was complete and moved for leave at the same moment, not after being prompted by the Court.

Plaintiff has also taken a concrete step directed at the cause of the problem rather than at its symptoms. Contemporaneously with this filing, Plaintiff has moved for permission to register as a CM/ECF Filing User so that he receives the Court's orders on the day they are entered rather than days later, or not at all. He is separately making use of the Court's Pro Se Electronic Filing Portal, which requires no leave. Plaintiff further represents that he understands the obligation the deadline imposed and has taken steps to prevent a recurrence. He will do his best to operate within the timelines this Court sets, and should he find himself at risk of missing a deadline in the future, he will seek leave of the Court before the deadline passes rather than waiting until he is able to file.

**E. Rule 15(a)(2) and the policy favoring merits adjudication independently support leave.**

The amendment adds no new parties, injects no new theory on the eve of trial, and does not follow repeated failed attempts to cure. It is the Court's own directed amendment, filed once,

at the pleading stage. None of the *Foman* factors, bad faith, repeated failure to cure, prejudice, futility, is present.

Denying leave would end this case not on the sufficiency of Plaintiff's claims but on the number of days between his pleading and a deadline he learned of on day six, during a period in which he was injured, in ongoing treatment, without a vehicle, and supporting seven people alone. Rule 1 directs that these Rules be administered to secure the just determination of every action. That purpose is not served by such an outcome where no Defendant has been harmed.

## IV. CONCLUSION

Plaintiff respectfully requests that the Court grant leave to file his First Amended Complaint out of time and deem the First Amended Complaint tendered with the Motion timely filed. Plaintiff apologizes to the Court and to Defendants for the delay and thanks the Court for its consideration.

Respectfully submitted this 31st day of July, 2026.

By: ____________________

2026-07-31

Jarvis J. Stubblefield
127 Rolling Hills Drive
Hendersonville, Tennessee 37075
(615) 974-6618
jarvis@vortexrevolutions.com
pro se

# Certificate of Service

I hereby certify that a true and correct copy of the foregoing has been served upon all Defendants by electronic filing, in accordance with the Federal Rules of Civil Procedure including:

On this the 31st of July, 2026.

Katherine R. Rogers (BPR #039382)
BURR & FOREMAN LLP
222 Second Ave. South, Suite 2000
Nashville, TN 37201
Phone: (615) 724-3246
Fax: (615) 724-3346
Attorney for Fifth Third Bank, N.A. and
FREDDIE MAC MULTICLASS CERTIFICATES SERIES 5099 TRUST

George J. Phillips
Phillips Ralston
1000 Kennesaw Blvd.
Gallatin, TN 37066
georgephillips@phillipsralston.com
Attorney for Acopia, LLC

Joshua J. Phillips
Phillips Ralston
1000 Kennesaw Blvd.
Gallatin, TN 37066
joshphillips@phillipsralston.com
Attorney for Acopia, LLC

Carson W. King
Nelson Mullins Riley & Scarborough LLP
1700 Demonbruen Street, Suite 1700
Nashville, TN 37203
carson.king@nelsonmullins.com
Attorney for JP Morgan Chase Bank, N.A.

Respectfully submitted,

By: ______________________

2026-07-31

Jarvis J. Stubblefield
127 Rolling Hills Drive
Hendersonville, Tennessee 37075
(615) 974-6618
jarvis@vortexrevolutions.com
pro se