**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| **JARVIS J. STUBBLEFIELD,** <br><br> **Plaintiff,** <br> **-vs-** <br><br> **ACOPIA, LLC, *et al*.,** <br><br> **Defendants.** | **Case No. 3:25-cv-753** <br><br><br> **District Judge Waverly D. Crenshaw, Jr.** <br><br> **Magistrate Judge Barbara D. Holmes** |

**<u>DEFENDANT FIFTH THIRD BANK, N.A.'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT OUT OF TIME</u>**

Defendant Fifth Third Bank, N.A.[1] ("Fifth Third"), by and through counsel, joins in and adopts the arguments asserted by Defendant Acopia, LLC and Defendant JPMorgan Chase Bank, N.A. in their Responses in Opposition to Plaintiff Jarvis Stubblefield's ("Plaintiff") Motion for Leave to File First Amended Complaint Out of Time [ECF Nos. 48 and 44, respectively]. Fifth Third further states as follows:

## I. PLAINTIFF HAS NOT DEMONSTRATED EXCUSABLE NEGLECT.

When a plaintiff moves for extension of an expired deadline under Fed. R. Civ. P. 6(b)(1)(B), he bears the burden of proving that his failure to timely meet that deadline was due to excusable neglect. Such a claim is evaluated by balancing five factors: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,

[1] Fifth Third was incorrectly named in the case caption and Complaint as Fifth Third Bank.

507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)). Application of these factors to this matter makes clear that Plaintiff has failed to carry his burden.

**A. Fifth Third Has Been Prejudiced by Plaintiff's Neglect.**

Plaintiff contends that "[n]o defendant is prejudiced" by his request for leave to amend, and he premises that contention, without citation to authority, on the claim that "[p]rejudice means concrete harm to the opposing party's ability to litigate, not the ordinary burden of responding to a pleading the Court has already ordered be filed." Memorandum of Law in Support of Plaintiff's Motion for Leave to File First Amended Complaint Out of Time [ECF No. 42] ("Motion for Leave"), p. 5. The Sixth Circuit recognizes that prejudice can stem from "waste[d] time, money, and effort in pursuit of cooperation which [the non-dilatory party] was legally obligated to provide." *Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277-78 (6th Cir. 2023) (quoting *T.W. Wang, Inc.*, 420 F.3d at 644 (citation omitted)).

Fifth Third has been forced to litigate without a pleading clearly specifying the claims against it for over a year, preventing it from preparing a substantive defense. Fifth Third has been unable to file an appropriate dispositive motion, conduct discovery to determine the merits of Plaintiff's claims and identify its own defenses, or even pursue early resolution options such as mediation. Plaintiff's delay has consumed litigation resources, as, in order to defend its interests, Fifth Third has had to prepare and file (1) a Response to Plaintiff's Objection to the Magistrate's Order [ECF No. 31]; (2) a Motion to Dismiss for Lack of Prosecution [ECF No. 35] and Memorandum in support thereof [ECF No. 36]; (3) a Reply in support of the Motion to Dismiss for Lack of Prosecution [ECF No. 45]; and (4) this Opposition to the Motion for Leave. The necessity of these filings could all have been avoided had Plaintiff simply complied with the

Court's order to present a more definite statement of his claim, and the associated costs are indisputably "concrete."

The first *Pioneer/Nafziger* factor weighs in favor of denial of leave to amend.

**B. The Reason for the Lengthy Delay in Amending or Moving for Leave to Do So Was Within Plaintiff's Control.**

Fifth Third acknowledges that Plaintiff suffered hardships earlier this year involving his health, and that such hardships have been disruptive to his everyday life. However, as properly noted by JPMorgan Chase Bank, N.A. in its opposition to the Motion for Leave, Plaintiff's dilatory actions began over five months **prior** to the car accident that he now cites as the reason for his neglect. Plaintiff readily admits that as of October 21, 2025, he was aware of the Court's October 1, 2025 order requiring him to amend his complaint by November 3, 2025. *See* Plaintiff's Response in Opposition to Defendant Fifth Third Bank's Motion to Dismiss for Failure to Prosecute [ECF Doc. 39] ("Opposition"), p. 4. This meant that Plaintiff had **thirteen days** within which to either comply with the Court's order, or request an extension. Plaintiff did neither, instead filing an objection that included an explicit request to amend his complaint. *See* Plaintiff's Objection to Magistrate Judge's Order ("Objection") [ECF No. 29], ¶ 7. Notably, the filing of the Objection did not stay operation of the Order (*see* L.R. 72.01(c)), and thus Plaintiff's decision not to either move for an extension or file the amended complaint constitutes a complete failure to comply.

Plaintiff's April 14, 2026 medical emergency likewise does not excuse his later-occurring neglect. Plaintiff admits that he received the Court's June 5, 2026 order, requiring him to amend within fifteen days, on June 11, 2026. Opposition, p. 6. However, Plaintiff's claim that the Court's June 5 order "required . . . a rebuild, in fifteen days, of a pleading that had taken months to prepare" (*see* Motion for Leave, p. 7) does not hold water. Plaintiff in fact had **264 days** within which to prepare the amended complaint—from the Court's first order requiring the same on October 1,

2025, through June 22, 2026. His appeal now to the complexity of such an undertaking rings hollow given the extensive delay, and the Court's generous grant of additional time to amend. Moreover, had Plaintiff felt that he truly could not meet the June deadline, he need only have filed a motion for extension. He did not do so. Instead, Plaintiff allowed the Court-ordered deadline to lapse, and then remained silent for a further **37 days**, before finally reappearing to file an opposition to Fifth Third's Motion to Dismiss.

Plaintiff cannot reasonably claim that his failure to file an amended complaint for nearly nine months was due to reasons beyond his control. The remaining *Pioneer/Nafziger* factors also weigh in favor of denial of the Motion for Leave.

## III. CONCLUSION

Plaintiff's repeated failure to comply with Court orders began long before the personal circumstances he now cites as the reason for his neglect in amending his complaint, and that failure has materially prejudiced Fifth Third. Plaintiff's neglect is not excusable, and the Motion for Leave to Amend thus should properly be denied.

Respectfully submitted:

*/s/ Katherine R. Rogers*

Katherine R. Rogers (BPR #039382)
BURR & FORMAN LLP
222 Second Ave. South, Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3246
Facsimile: (615) 724-3346
Email: krogers@burr.com
*Attorney for Defendant Fifth Third Bank, N.A.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on August 14, 2026, a copy of the foregoing Memorandum of Law in Support of Fifth Third Bank, N.A.'s Motion to Dismiss for Failure to Prosecute was served by means of regular U.S. mail and/or filing using the electronic filing system of the Court and the automatic notification procedure of that system upon the following:

Jarvis J. Stubblefield
127 Rolling Hills Drive
Hendersonville, TN 37075
*Pro se Plaintiff*

George J. Phillips
SPENCER FANE, LLP
100 Bluegrass Commons Blvd., Ste 2370
Hendersonville, TN 37075
georgephillips@phillipsralston.com
*Attorney for Acopia, LLC*

Joshua J. Phillips
PHILLIPS RALSTON
1000 Kennewaw Blvd.
Gallatin, TN 37066
joshphillips@phillipsralston.com
*Attorney for Acopia, LLC*

Carson W. King
NELSON MULLINS RILEY &
SCARBOROUGH LLP
1700 Demonbreun Street, Suite 1700
Nashville, TN 37203
Carson.king@nelsonmullins.com
*Attorney for JPMorgan Chase Bank, N.A.*

*/s/ Katherine R. Rogers*